## MARSHALL v. RABER.

Where, in a suit to quiet title, both parties claimed through a deed from A., plaintiff by a deed directly to himself, and defendant by a deed from A. to B., and thence under B., any error in admitting in evidence a letter from B. to A., showing that the land was not sold to B.'s wife, was cured by the wife's testimony that the transaction was with her husband.

In a suit to quiet title, the evidence **held** to support the findings for plaintiff.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Suit to quiet title by O. J. Marshall against D. F. Raber. Judgment for plaintiff, and defendant appeals. Affirmed.

*Preston & Hannett,* for appellant. *Null & Royhl,* for respondent.

WHITING, P. J. This action was brought to quiet title to real estate. Trial was had before the court without a jury. Findings and conclusions in favor of plaintiff were rendered, and judgment entered thereon. Defendant asked for a new trial, and, the same having been denied, appealed from the judgment and order denying a new trial.

Both parties claim title from one John Cooper; plaintiff claiming through a quit-claim deed from Cooper, dated May, 1902, and recorded that year, as well as through a warranty deed from Cooper, dated in August, 1902, but not recorded until after this

action was brought. Plaintiff was found to have been in posses-
sion of the land since date of first deed. Defendant claims title
through a deed from the said Cooper to one E. T. Smith, wife of
one A. B. Smith, deed dated in October, 1897, and recorded in
November, 1903, a deed from the Smiths to one Brock, dated in
August, 1906, and a deed from Brock to defendant, dated in
September, 1907.

Among other things the court found: That the deed purport-
ing to run from Cooper to Smith, while executed, was never de-
livered, and that Cooper never received any consideration there-
for; that after date of such deed, until deed to plaintiff, Cooper
paid the taxes on the land; that plaintiff took his deeds in ignor-
ance of the deed to Smith, and took possession under such deeds;
that plaintiff paid the taxes from time of his deeds, except that
defendant paid one instalment of the 1906 tax; that plaintiff knew
nothing of the deed from Cooper to Smith until about November,
1903; that, when Brock took his deed, the records showed two
actions brought by Smith to quiet title to the land; and that both
actions had been dismissed, and the abstract furnished defendant
when he purchased showed lis pendens filed in the above actions,
as well as the deed to plaintiff. The court found that no title
passed by the deed from Cooper to Smith, that title passed to
plaintiff through his deeds, that both Brock and defendant pur-
chased with full notice of plaintiff's rights, and that neither Brock
nor defendant acquired any rights to said land.

Appellant has assigned numerous errors, most of them raising
the question of the sufficiency of the evidence to support the sev-
eral findings. Among the findings excepted to is the one to the
effect that the deed from Cooper to Smith was never delivered.
While the evidence was conflicting, there certainly was ample to
warrant the trial court in making this finding; there being, not
only the evidence of Cooper proving facts showing no delivery,
but the undisputed fact that Smith never took possession, never
paid taxes, and did not record his deed for six years.

Complaint is made of the receipt in evidence of a letter from
A. B. Smith to Cooper, dated in April, 1903, and which would
tend to show that Cooper had not sold the land to the wife of

Smith. A. B. Smith was dead at time of trial, and it is the contention of appellant that any letter written by him could not be used to defeat title as shown by deed from Cooper to Smith. E. T. Smith, the wife, was a witness on behalf of appellant, and testified to facts tending to prove a delivery to her of the deed from Cooper, which delivery she claimed took place in 1897. It appeared that this deed was executed by Cooper at request of A. B. Smith and with expectation of completing transfer by delivery; there being no delivery, owing to failure of grantee to pay the consideration. It was admitted by E. T. Smith that the transaction in relation to this deed was between Cooper and her husband, that her husband wrote out the deed, that he had a sale of this land in view, that he used her money in his business, and in that way acted as her agent in handling this property. At the time the letter was received in evidence the testimony of E. T. Smith had not been received; there being, however, the testimony of Cooper showing the transactions relating to this land to have been carried on with A. B. Smith. Even if there were insufficient to warrant reception of letter when received, the error, if any, and we do not hold there was any, was certainly cured by the testimony of E. T. Smith.

There was no other error in the rulings upon admission of evidence, the findings were amply supported by the evidence, and such findings are clearly sufficient to support the conclusions and judgment.

The judgment and order denying a new trial are affirmed.